UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOYCELYN BONNER,

                Plaintiff,

          -against-

THE BANK OF NEW YORK MELLON, f/k/a THE
BANK OF NEW YORK, as successor-in-interest to
JP MORGAN CHASE BANK, N.A. as Trustee for
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC., BEAR STEARNS ALT-A
TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-7; OCWEN LOAN
SERVICING LLC; SHAPIRO & DICARO, LLP,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
15-CV-3280 (SJF) (GRB)

FEUERSTEIN, J.

On June 5, 2015, *pro se* plaintiff Joycelyn Bonner ("Bonner" or "Plaintiff") commenced this action against defendants The Bank of New York Mellon, f/k/a The Bank of New York, as successor-in-interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-7 ("BNY"); Ocwen Loan Servicing LLC[1] ("Ocwen"); and Shapiro & DiCaro, LLP[2] ("Shapiro"). Docket Entry No. 1 (Compl.). Shapiro has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 (the "Shapiro Motion to Dismiss"). Docket Entry No. 18

---

[1] Ocwen Loan Servicing LLC was dismissed from the action with prejudice by order dated October 27, 2015. *See* Docket Entry No. 58 (Order).

[2] Shapiro & DiCaro, LLP has since been renamed Shapiro, DiCaro & Barak, LLC. *See* Docket Entry No. 38 (Mem. in Supp. Mot. Dismiss) at 1.

(First Mot. Dismiss & Summary J.).  Plaintiff has moved to strike the Shapiro Motion to Dismiss (the "Motion to Strike").  Docket Entry No. 39 (Mot. Strike).  BNY has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "BNY Motion to Dismiss").  Docket Entry No. 47 (Mot. Dismiss).

On August 26, 2015, all three (3) Motions were referred to Magistrate Judge Gary R. Brown for a report and recommendation ("Report").  *See* Order dated Aug. 26, 2015.  On February 22, 2016, Magistrate Judge Brown issued a Report recommending that the Court: (i) grant the Shapiro Motion to Dismiss and BNY Motion to Dismiss; (ii) deny Plaintiff's Motion to Strike; and (iii) deny as futile Plaintiff's request for leave to amend her complaint.  Docket Entry No. 62 (Report) at 15; *see* Docket Entry No. 39 (Mot. Strike) at 5 ("Plaintiff requests leave to amend.").  On March 4, 2016, Plaintiff objected to the Report, Docket Entry No. 63 (Objection ("Objections")); on March 21, 2016, BNY responded to the Objections, Docket Entry No. 64 (Mem. in Opp'n ("Responses")).  Although Shapiro was served with Plaintiff's Objections, Shapiro did not respond within the time allotted for filing a response to the Objections.  *See* Fed. R. Civ. P. 72(b)(2) (allowing fourteen (14) days for filing a response); Docket Entry No. 63 (Objections) at 13 (indicating service upon Shapiro).

For the reasons stated below, the Court adopts the Report in its entirety.  The Shapiro Motion to Dismiss is GRANTED; the BNY Motion to Dismiss is GRANTED; Plaintiff's Motion to Strike the Shapiro Motion to Dismiss is DENIED; Plaintiff's request for leave to amend her complaint is DENIED as futile; and the action is dismissed with prejudice.

I.  **STANDARD OF REVIEW**

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P.

72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**II.    DISCUSSION**[3]

In her Objections, Plaintiff misstates the Report's legal conclusions, "reiterates [her] original arguments," and makes "conclusory [and] general objections" to the Report. *Frankel*, 2009 WL 465645, at *2. She also argues for the first time that cases involving the Consumer Financial Protection Bureau ("CFPB") and Federal Trade Commission ("FTC") "conflict[]" with the Report's legal conclusions, and that the Court must "defer" to the CFPB's and FTC's

---

[3] The facts and procedural history underlying this action are set forth in the Report and are hereby incorporated by reference. *See* Docket Entry No. 62 (Report) at 2-5.

3

interpretations of the consumer protection laws.  *See, e.g.*, Docket Entry No. 63 (Objections) at 4, 7, 8, 10.  However, as she has not provided any reason for her failure to raise her new argument regarding the CFPB and FTC to Magistrate Judge Brown, the argument is not considered.  *See Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (quoting *Kennedy v. Adamo*, No. 02-cv-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).  In any event, Plaintiff's new argument misstates the holdings of the cases she cites, and is without merit.  Therefore, Plaintiff has failed to raise any properly articulated objection to the Report, and the Court reviews the Report "strictly for clear error."  *Frankel*, 2009 WL 465645, at *2.  The Court is satisfied that there is no clear error in the Report or otherwise on the face of the record, and the thorough and well-reasoned Report is adopted in its entirety.

### III.  CONCLUSION

For the reasons stated above, the Court adopts the Report's recommendations in their entirety.  The Shapiro Motion to Dismiss is GRANTED; the BNY Motion to Dismiss is GRANTED; Plaintiff's Motion to Strike the Shapiro Motion to Dismiss is DENIED; and Plaintiff's request for leave to amend her complaint is DENIED as futile.  The action is dismissed with prejudice, and the Clerk of the Court is directed to close the case.

**SO ORDERED.**

      /s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 28, 2016
      Central Islip, New York